**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00274-CV**
_____


**IN RE CARL ANTHONY RAISOR JR.**

_____

**Original Proceeding**
**418th District Court of Montgomery County, Texas**
**Trial Cause No. 21-10-14066**
_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator Carl Anthony Raisor Jr. ("Father") argues the trial court abused its discretion in a suit for modification of a child custody order by issuing a temporary order that changed the designation of the person who has the exclusive right to designate the primary residence of the children without evidence that the order was necessary because the children's present circumstances would significantly impair the children's physical health or emotional development. We deny the petition for a writ of mandamus without prejudice.

1

While a modification suit is pending, a trial court is prohibited from rendering a temporary order that "has the effect of … changing or eliminating the geographic area, within which a conservator must maintain the child's primary residence," unless the evidence establishes one of the exceptions listed in the statute and the temporary order is in the child's best interest. *See* Tex. Fam. Code Ann. § 156.006(b).

According to Father, under the terms of an agreed modification order issued in June 2023 the children were to remain enrolled in the area zoned to Stewart Elementary in Montgomery, Texas. The Real Party in Interest, Rachel L. Raisor ("Mother"), filed a Motion for Change in School, in which she stated:

> Currently the children are enrolled in Stewart Elementary. Stewart Elementary is zoned to Respondent's residence. At this time, Respondent does not have overnight visitation with the children, and Petitioner will be the parent transporting the children to and from school. Stewart Elementary is about a thirty-minute commute from Petitioner's residence. Petitioner request that she be given the right to enroll the children in Madeley Ranch Elementary School for the 2024-2025 school year.

The trial court granted the motion on August 9, 2024. Father complains the trial court's temporary order has the effect of changing the final order's geographic restriction to the area where Mother's residence is located, but he does not assert that the final order required a conservator to maintain the children's primary residence in the geographic area where Stewart Elementary is located. Father does not claim

2

that the custody order that is the subject of the suit for modification granted Father the exclusive right to designate the children's primary residence.

Father did not file a sworn record containing the agreed modification order and the petition for modification. *See* Tex. R. App. P. 52.7 (The relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.").

On the record before the Court, we conclude Father has failed to establish that the challenged order effectively changed the geographic area within which a conservator must maintain the children's primary residence. *See* Tex. Fam. Code Ann. § 156.006(b). We deny the petition for a writ of mandamus without prejudice. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 28, 2024
Opinion Delivered August 29, 2024

Before Golemon, C.J., Wright and Chambers, JJ.

3